## HERMAN PERGANDE

v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Intoxicating Liquors—Illegal Sales—Evidence.*

On indictment for selling intoxicating liquors to a person in the habit of becoming intoxicated, this court declines to interfere with a finding of guilty by the court below.

[Opinion filed October 8, 1890.]

APPEAL from the County Court of Massac County; the Hon. J. C. WILLIS, Judge, presiding.

Mr. C. L. V. MULKEY, for appellant.

Mr. DOUGLAS W. HELM, State's Attorney, for appellees.

REEVES, J.   Appellant was indicted for selling intoxicating liquors to Alfred Morris, a person who was in the habit of getting intoxicated.   A trial was had before the County Court without a jury, and appellant was found guilty and sentenced to pay a fine.   By this appeal appellant seeks to reverse the finding of the County Court.

The contention is that the evidence does not warrant such a finding.   Alfred Morris testified that he bought whisky in appellant's saloon in the fall or summer of 1888, twice in one day; that he bought the whisky not from appellant nor his wife, nor from Charles Coulter or Asa Bumgardner, but from the man who was behind the bar at the time, whom he did not know and whom he did not describe further than to say he thought he was a middle-aged man.   Proof was made by another witness that Alfred Morris was in the habit of getting intoxicated for a period of time extending back for eighteen months prior to the time the indictment was found, which was in April, 1889.   Appellant testified that he knew

Alfred Morris and had never sold him anything to drink for years, and that Alfred Morris had not been in his saloon to his knowledge for years; from May 15, 1887, to June 15, 1888, his saloon was closed; from June 15, 1888, to March, 1889, he had no regular clerk in his saloon only his wife. It would have been impossible for Morris to have gotten the liquor in his saloon during that time unless he got it from him or his wife; that he had no clerk in his saloon with him until March, 1889, when he took sick; then Bumgardner was employed to tend bar for about a week; then Fritz Winters was employed for about two weeks; then Charles Coulter succeeded as bartender.

In answer to the question, who stayed at your saloon when you had occasion to go out in town, appellant answered, "Usually my wife." Both Bumgardner and Coulter testified that they did not sell any intoxicating liquor to Alfred Morris while they were in the saloon. Winters testified that he knew all the Morris brothers ; that he could not describe any of them ; that they all look alike; that he could not describe Alfred Morris, but he knew he did not get any liquor from him. This was all the evidence. It will be observed that appellant testified that he kept no regular clerk from June 15, 1888, to March, 1889, and that when he was out of the saloon during this time his wife usually stayed in the saloon. This is not such evidence as overcomes the positive testimony of Alfred Morris, that he did buy whisky twice in one day, in the fall or summer of 1888, in appellant's saloon. Even if we concede that appellant's testimony proves that he kept no clerk during the time mentioned, it does not show that no one stayed in the saloon during appellant's temporary absence, except his wife. While he does say, that during such temporary absence his wife usually stayed in the saloon, he does not say she always did, or that when she did not, the saloon was closed. The finding of the court, upon the evidence preserved in the bill of exceptions, is sustained. The judgment of the County Court is affirmed.

*Judgment affirmed.*